CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 23, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **KENNETH RUDOLPH BISHOP,** | ) | |
| Plaintiff, | ) | Case No. 7:26CV00654 |
| v. | ) | **OPINION** |
| **CORRECTIONS OFFICER GRIZELE, et al.,** | ) | JUDGE JAMES P. JONES |
| Defendants. | ) | |

*Kenneth Rudolph Bishop, Pro Se Plaintiff.*

The plaintiff, a pre-trial detainee proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he was handcuffed during transportation and not permitted to use the restroom for four hours, resulting in urination on himself. Bishop has paid the filing fee for his case; however, upon review, I conclude that it must be summarily dismissed.

Under 28 U.S.C. § 1915(e), the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But, even under this less stringent standard, pro se claims are subject to sua sponte dismissal "at any time" and "[n]otwithstanding any filing fee, or any portion

thereof, that may have been paid" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Bishop presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Although he does not specify in his pleading, it appears from public records that Bishop was a pretrial detainee at the time of his allegations.[1] Thus, his claims arise under the Fourteenth Amendment.

The Supreme Court has determined that "[i]n evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Fourth Circuit has explained that "whereas the Eighth Amendment only protects post-conviction detainees from 'cruel and unusual punishment,' the Fourteenth Amendment Due Process Clause protects pretrial detainees from being punished at all." *Short v. Harman*, 87 F.4th 593, 606 (4th Cir. 2023) (citing *Bell*, 441 U.S. at 535–37 & n.16). Thus,

> [t]o establish that a particular condition of restriction of his confinement is constitutionally impermissible "punishment," the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive

---

[1] In deciding whether a complaint is subject to dismissal for failure to state a claim, courts "may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

> governmental objective, in which case an intent to punish may be inferred.

*Short*, 87 F.4th at 606 (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).

Bishop's claims are brief. He states as follows:

> I was being transported to Wytheville VA in a van was shackled and not allowed to use the restroom for approximately four hours resulting in me having to urinate in my socks . . . Locked in a van not allowed to use the restroom resulting in me urinating on myself.

Compl. 2, Dkt. No. 1. As relief, he seeks "justice." *Id.* at 3.

First, Bishop's allegations fail to state a claim against the defendant correctional officers where he has not specifically explained what each officer did or did not do to violate his rights. To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676. Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Bishop's conclusory pleading merely describes what occurred during his transport and does not attribute any conduct to a particular official. *See Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023) ("[T]he court need not accept . . . 'conclusory statements.'") (quoting *Iqbal*, 556 U.S. at 678)). Because the inquiry under the Fourteenth Amendment requires analysis of the officials' intent to punish, such allegations are

necessary to the claim and, without more, it cannot survive 28 U.S.C. § 1915 scrutiny.

Even giving the most liberal construction to Bishop's pleading, courts in this Circuit have determined that the use of handcuffs while transporting a pre-trial detainee does not infringe on his constitutional rights. *Batcher v. Hampton Rds. Reg'l Jail*, 2018 WL 1037052 (E.D. Va. Feb. 21, 2018), *aff'd*, 738 F. App'x 794 (4th Cir. 2018). Furthermore, denial of restroom access for a short duration of time resulting in a pre-trial detainee's urination on himself does not amount to a due process violation under the Fourteenth Amendment. *See Davis v. Wright*, 2024 WL 5361335, at *3 (W.D. Va. Oct. 21, 2014) (finding no Fourteenth Amendment violation when a pre-trial detainee was denied requests to use the restroom and urinated on herself while waiting for a breathalyzer test to be conducted). Therefore, Bishop's claims fail.

Accordingly, Bishop's Complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Judgment will be entered.

ENTER: September 23, 2026

/s/ JAMES P. JONES
Senior United States District Judge